UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JUAN LANDEROS-SANDOVAL                              MOVANT/DEFENDANT

v.                                                CRIMINAL ACTION NO. 3:11CR-10-S-6
                                                   (CIVIL ACTION NO. 3:12CV-558-S)

UNITED STATES OF AMERICA                            RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

        Movant Juan Landeros-Sandoval filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 332). This matter is before the Court for preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

        A review of the record reveals that Movant filed his § 2255 motion after he was convicted by a jury but before he was sentenced by the Court. "Section 2255 provides the primary avenue of relief for federal prisoners 'claiming the right to release' as a result of an unlawful sentence." *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). Because Movant filed the § 2255 motion during the pendency of his criminal proceedings and prior to sentencing, the § 2255 motion was filed prematurely and is subject to dismissal.

        Further, while Movant was recently sentenced and the Judgment and Commitment Order entered on January 23, 2013, Movant's criminal counsel has advised that he will file a notice of appeal on behalf of Movant. "[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). "An application

under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. Moreover, determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id.*; *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes (advising that while "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of direct appeal[,] . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances") (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)). "Whether extraordinary circumstances exist is a question the answer to which depends upon the balancing of the need for speedy relief against the need for conservation of judicial resources." *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979).

The Court concludes that Movant has failed to present any extraordinary circumstances in this case. Consequently, the Court will deny the § 2255 motion and dismiss the action without prejudice.

Before Movant may appeal this Court's decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484. "When," however, "the district court denies a [] petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

2

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

As the Court is satisfied that no jurists of reason would find its conclusion debatable, a COA will be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: January 25, 2013

**Charles R. Simpson III, Judge
United States District Court**

cc: Movant/Defendant, *pro se*, Oldham County Jail, 102 W. Main St., LaGrange, KY 40031
  Counsel of Record
4411.005